**United States District Court**
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    PAUL A. WILLIAMS                              No. C 14-1795 SI (pr)
     (CDCR # AF4060),
9                                                  **ORDER FOR FILING FEE, TO STAY**
                 Petitioner,                       **PROCEEDINGS, AND TO**
10                                                 **ADMINISTRATIVELY CLOSE CASE**
         v.
11
     BEN CURRY, Warden,
12
                 Respondent.
13
                                          /
14

15        Paul A. Williams filed this *pro se* action for  a writ of habeas corpus pursuant to 28

16   U.S.C. § 2254.  Williams now moves for a stay and abeyance so that he may exhaust state court

17   remedies for several claims.  He states that state court remedies have not been exhausted for

18   Claims 2 through 5 of his federal petition.  Docket # 10 at 3.  Williams requests a stay under

19   *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), noting that it "does not require a petitioner to

20   show good cause for his delay."  Docket # 10 at 3.  Williams had moved for a stay under a

21   different rationale than in his current motion, so the court will treat the current motion as

22   superseding the earlier one.  Williams also has not yet paid the filing fee, which he must do

23   promptly to avoid dismissal of this action.

24        There are two kinds of stays available in a habeas action: the *Rhines* stay and the

25   *King/Kelly* stay.[1]  A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when

26

27        [1]Litigants and courts often refer to the procedure as a "stay and abeyance."  The phrase
     refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner
28   returns to state court to exhaust."  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  For convenience,
     the court refers to the combined procedure as a stay.

1    the district court determines there was good cause for the petitioner's failure to exhaust his

2    claims first in state court," the claims are not meritless, and there are no intentionally dilatory

3    litigation tactics by the petitioner. *Id.* at 277-78.  The *King/Kelly* stay is the second kind of stay

4    and is an alternative method to deal with a petitioner who has some unexhausted claims he wants

5    to present in his federal habeas action.  Under the procedure outlined in *Kelly v. Small*, 315 F.3d

6    1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2)

7    the court stays and holds in abeyance the amended, fully exhausted petition, allowing the

8    petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the

9    petitioner later amends his petition and re-attaches the newly-exhausted claims to the original

10   petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).

11   A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show

12   good cause as under *Rhines*, but rather must eventually show that the amendment of any newly

13   exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005),

14   by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by

15   complying with the statute of limitations.  *Id.* at 1141-43.

16          Here, Williams does not satisfy the requirements for a *Rhines* stay because does not show

17   good cause for failing to exhaust the claims before filing the federal petition, and does not

18   attempt to show that he was not engaged in intentionally dilatory litigation tactics.  *See Rhines*,

19   544 U.S. at 277-78.  The court therefore will not grant a *Rhines* stay.

20          It is easier for a petitioner to obtain a *King/Kelly* stay.  The only currently applicable

21   requirement for a *King/Kelly* stay is that the petition sought to be stayed has no unexhausted

22   claims.  Here, the petition contains both exhausted and unexhausted claims.  Rather than deny

23   the motion due to this easily curable procedural problem, the court opts to dismiss the

24   unexhausted claims (i.e., Claims 2 through 5), so that the petition will have no unexhausted

25   claims.  Whether these claims (i.e., Claims 2 through 5) that Williams intends to exhaust will

26   relate back to the petition can be decided when he returns after exhausting state court remedies

27   and moves to amend his petition to add those newly-exhausted claims.  The court will grant a

28

*King*/*Kelly* stay so that Williams may exhaust state court remedies for claims he wishes to present to this court. Williams must file his unexhausted claims in state court within thirty days, and must return to federal court within thirty days of a final decision by the state courts on those claims. *See Kelly*, 315 F.3d at 1070.

Williams' motion for a stay and abeyance is GRANTED. (Docket # 10.) Williams' earlier motion for a stay and abeyance is DISMISSED as moot. (Docket # 1.) After Williams concludes his state court efforts to exhaust his new claim, he may move to file an amended petition in which he presents all his claims, including the now dismissed Claims 2 through 5.

For the foregoing reasons, this action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Williams exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add the newly exhausted claims.

Williams was ordered to pay the filing fee no later than October 31, 2014, but failed to do so. The court will give him one more chance: Williams must pay the $5.00 filing fee no later than **December 12, 2014**. If the court has not received the filing fee by that date, the action will be dismissed. The stay of this action does not relieve him of the obligation to pay that fee by that deadline.

IT IS SO ORDERED.

DATED: November 10, 2014

SUSAN ILLSTON
United States District Judge

3